Barbara GRAHAM, John A. Santo, and
Emmett R. Perkins, Appellants,

v.

H. O. TEETS, Warden, California State
Penitentiary, San Quentin, Cali-
fornia, Appellee.

No. 449.

Before Chief Judge Denman of the
United States Court of Appeals
Ninth Circuit.

June 3, 1955.

See also 132 F.Supp. 69.

Al Matthews, Los Angeles, Cal., for pe-
titioners.

Edmund G. Brown, Atty. Gen., Clar-
ence Linn, Asst. Atty. Gen., State of Cal-
ifornia, for respondent.

DENMAN, Chief Judge.

On March 7, 1955, the Supreme Court
of the United States, Graham v. People
of State of Cal., 348 U.S. 959, 75 S.Ct.
451, denied a writ of certiorari to bring
before that Court the affirmance by the
Supreme Court of the State of Califor-
nia, People v. Santo, 43 Cal.2d 319, 273
P.2d 249, of the judgments convicting
petitioners of the crime of murder and
sentencing them to be executed. The ex-
ecution was ordered for June 3, 1955.

Petitioners' Attorney Matthews claims
that the convictions violated constitu-
tional rights of his clients and it is as-
sumed for the purpose of this opinion
that his contention is valid and his cli-
ents wrongly convicted.

He contends that if the constitutional
questions had been considered and decid-
ed by the California Supreme Court in
the appeal from the convictions they had
the right to file at once an application for
a writ of habeas corpus in a proper dis-
trict court of the United States in the
State of California. Absent such a con-
sideration by the California Supreme
Court, their remedy is by a petition for

the writ to that court. This clearly appears from the opinion of the United States Supreme Court in Brown v. Allen, 1952, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

At the hearing before me Attorney Matthews admitted that the California Supreme Court had not considered these constitutional questions and hence on March 7, 1955, he could have filed *at once* his petition for a writ of habeas corpus in that court. Having failed to exhaust his state remedies, he then had no right to seek a writ in a United States District Court in California. 28 U.S.C. § 2254 gives the district court no jurisdiction to entertain state prisoner application for the writ, that section reading:

"§ 2254. State custody; remedies in State courts.

"An *application* for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *shall not be granted* unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented. June 25, 1948, c. 646, 62 Stat. 967."

(Emphasis supplied.)

Instead of at once petitioning the California Supreme Court, the attorney delayed for over two months and three weeks and then filed an application for the writ in the United States District Court for the Northern District of California on May 31, 1955, only three days before the date of execution of his clients. The court denied it. He then waited until the late afternoon of Thursday, June 2nd, before applying to me for the certificate to stay, with the execution of all three of his clients set for before one o'clock of the next day.

By this purposeful device there is thrown on such federal judges as the writer the strain of a hasty consideration of the contentions presented. With the tragedy of the execution gas chamber alongside him, one is more likely to resolve any consideration as to the contentions raised in favor of the condemned. This I regard a gross misuse of the functions of an officer of the court.

It is also a dangerous misuse, for by not presenting at once his contentions in his petition to the California Supreme Court, his clients may be executed without their ever having their constitutional contentions considered by a federal court.

Because the United States District Court for the Northern District of California had no jurisdiction of the application for the writ, the Chief Judge finds no justiciable question exists to warrant a certificate of probable cause and the stay of execution and the petition is ordered denied.