**Jessie James LUNNERMON, Petitioner,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**Civ. A. No. 67–C–64–D.**

United States District Court
W. D. Virginia,
Danville Division.

Feb. 29, 1968.

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes to the court upon a petition for a writ of habeas corpus, filed by a state prisoner *in forma pauperis*, pursuant to 28 U.S.C. § 2254.

Petitioner is currently serving a term of life imprisonment in the Virginia State Penitentiary pursuant to a conviction of first degree murder in the Circuit Court of the City of Martinsville, on May 21, 1957. At his trial before a jury, petitioner was represented by court-appointed counsel. No appeal was taken from his conviction.

A habeas corpus hearing was conducted by the state court in Martinsville on February 25, 1964. Petitioner was represented by court-appointed counsel and was afforded an opportunity to present testimony in his own behalf. The writ was denied by an order entered March 10, 1964. No appeal was taken from this order, however on March 23, 1964 petitioner filed a petition with the United States District Court for the Eastern District of Virginia. Said petition was dismissed for failure to meet the requirements of 28 U.S.C. § 2254. On June 3, 1964 petitioner filed an "Application for Writ of Appeal" with the Supreme Court of Appeals of Virginia, but before any action was taken petitioner filed a motion that his application be treated as an original habeas corpus matter. The Supreme Court of Appeals of Virginia appointed counsel to assist petitioner in this matter. After consultation with counsel, petitioner moved the court to dismiss the petition for "Writ of Appeal", and said petition was dismissed by order dated October 14, 1965. Then on November 12, 1965 petitioner filed a new petition for a writ of habeas corpus in the Hustings Court for the City of Richmond, said petition was made returnable to the Circuit Court for the City of Martinsville. A habeas corpus hearing was conducted by the state court in Martinsville on June 22, 1966. The writ was denied by an order entered July 6, 1966. Petitioner's writ of error to the Supreme Court of Appeals of Virginia was denied on October 10, 1967.

Petitioner now seeks a writ of habeas corpus from this court alleging (1) a coerced, involuntary confession, (2) ineffective representation of counsel, (3) denial of petitioner's right to appeal, (4) adverse publicity which precluded a fair and impartial trial.

The pertinent facts can be recited briefly: Petitioner was arrested on March 31, 1957 on suspicion of murder. Petitioner was suffering from a shotgun wound and was taken to a hospital. After emergency treatment petitioner was taken to the city jail where he signed a statement, and was returned to the hospital the next morning. Petitioner contends that he was told he could return to the hospital only after signing the statement. A jury trial was held in the Circuit Court of the City of Martinsville on May 21, 1957, and petitioner entered a plea of not guilty. During the course of the trial there was a discussion in the trial judge's chambers, as to whether petitioner wished to change his plea to guilty. Petitioner maintained his plea of not guilty, but contends that his counsel offered no advice and was ineffectual throughout the trial. A more detailed presentation of the facts is covered later in this opinion.

■■ There is no merit to petitioner's first allegation concerning an involuntary confession. Petitioner contends that he was seriously injured at the time, and was forced to sign the confession before he could receive the medical treatment he needed. Petitioner also alleges that he was not advised of his constitutional rights before signing the confession. The arresting officer testified that signing the confession was not a prerequisite for medical treatment and that petitioner had in fact received treatment before being questioned. The officer further testified that petitioner's injury was only slight and that petitioner had not wanted to have even the initial medical attention. The confession signed by petitioner contains a statement that petitioner was advised that he may remain silent, and that any statements could be used against him. The statement signed by petitioner does not advise him that he had the right to confer with an attorney. Thus, petitioner alleges that he was denied assistance of counsel, in violation of due process, during the

accusatory stage of his questioning. The pertinent events in this case took place in 1957, many years before the rules set forth in *Escobedo* (June 22, 1964) and *Miranda* (June 13, 1966) went into effect. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Thus, this court feels that petitioner's confession was clearly a voluntary statement and was properly admitted in evidence.

There is also no merit to petitioner's second allegation concerning ineffective representation of counsel. At his first state habeas corpus hearing, petitioner offered evidence of ineffective representation of counsel but the state court denied the writ. At his second state habeas corpus hearing, the court again allowed petitioner to offer evidence of ineffective representation of counsel, but again petitioner's writ of habeas corpus was denied. In his federal writ of habeas corpus, petitioner once again raises the claim of ineffective representation of counsel. Petitioner's counsel is now deceased, but the record reveals enough evidence to show that petitioner received adequate aid from his attorney. Petitioner alleges that his attorney was not present when petitioner entered his plea. The record states that petitioner's attorney was present when petitioner was arraigned and plead not guilty. Petitioner contends that his attorney called no witnesses at the trial, but petitioner admits that he knew of no one other than character witnesses, and petitioner further admits that his own children testified against him. At most, this failure to summon witnesses amounts to an error in trial tactics and does not constitute ineffective representation of counsel. Tompa v. Com. of Virginia, ex rel. Cunningham, 331 F.2d 552, 554 (4th Cir. 1964). Petitioner goes on to allege that his counsel did not cross examine the prosecution's witnesses and described his counsel's closing argument as "he talked to the jury a little". It is hard to reconcile this allegedly "farcical representation" with the results of the trial. There is evidence that the crime was one of the most hideous murders ever committed in Martinsville, yet rather than receiving a death sentence, petitioner's counsel succeeded in obtaining a life imprisonment sentence, with a recommendation for early parole, from the jury. This court feels that the petitioner has failed to meet his burden of proof in establishing ineffective representation of counsel. Peyton v. Fields, 207 Va. 40, 147 S.E.2d 762, 766 (1966).

As for petitioner's remaining two allegations, he has not presented these to the state courts, thus petitioner had failed to exhaust his available state remedies. Thomas v. Commonwealth of Virginia, 357 F.2d 87 (4th Cir. 1966). In his present petition the petitioner asks that he not be returned to the "quagmire of state courts." It is true that petitioner has experienced some difficulties in filing his petitions, but these difficulties are entirely of petitioner's own making. The courts of Virginia have been more than fair in handling the prisoner's petitions. The Supreme Court of Appeals of Virginia has appointed counsel to aid the petitioner in presenting his allegations and has allowed petitioner to withdraw and amend several petitions. The state court in Martinsville has already held two hearings on petitioner's contentions, and every opportunity has been accorded petitioner to present his allegations. This court feels that it would not be a hardship to require petitioner to exhaust his available state remedies; accordingly, it is hereby adjudged and ordered that petitioner's allegations concerning a fair trial and right to appeal, be and the same hereby are dismissed without prejudice to file a petition in the state courts.

For the reasons stated in this opinion and upon mature consideration of the facts relied on by petitioner, this court feels that the allegations of involuntary confession and ineffective representation of counsel are without merit. Therefore, it is hereby adjudged and ordered that as to allegations one and two, the

petition for habeas corpus be and hereby is denied.

The clerk is directed to send certified copies of this opinon and judgment to the petitioner and to the respondent.