**Glen Burl MONTGOMERY, Petitioner,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–119–R.**

United States District Court
W. D. Virginia,
Roanoke Division.

April 11, 1969.

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before this court on a petition for a writ of habeas corpus filed *in forma pauperis* by Glen Burl Montgomery, a state prisoner, pursuant to 28 U.S.C.A. § 2241. The petition was originally filed in the United States District Court for the Eastern District of Virginia and was transferred to this court by order dated December 10, 1968.

Petitioner is currently serving a sentence of ten years in the Virginia State Penitentiary pursuant to a judgment of the Circuit Court of Pulaski County of November 22, 1960, wherein the petitioner was convicted of the crime of burglary. The conviction resulted after a trial by a judge sitting without a jury, in which the petitioner was represented by court-appointed counsel and in which the petitioner entered a plea of guilty.

No appeal was taken from the conviction.

On September 12, 1967, a plenary hearing was held in the Circuit Court of Pulaski County as the result of a petition for a writ of habeas corpus filed in the state courts by the petitioner. After hearing the evidence, the Circuit Court, by order dated March 25, 1968, denied the writ and dismissed the petition. An appeal to the Virginia Supreme Court of Appeals resulted in a denial of a writ of error thereby affirming the lower court's decision.

A petition for a writ of habeas corpus was filed in this court on December 16, 1968. The petitioner presents the following claims to this court for consideration:

1. Petitioner was denied a preliminary hearing.
2. Petitioner was convicted of common-law burglary which is a capital offense when in fact the place burglarized was a summer cabin and not a dwelling house.
3. Petitioner was convicted on the hearsay testimony of two police officers.
4. Petitioner was prejudiced by the fact that he was tried before the court in handcuffs.
5. Petitioner was not afforded effective assistance of counsel for his defense:

(A) Counsel did not interview any witnesses to determine if the accused was innocent.

(B) Counsel did not make any motions for a change of venue which due to the adverse publicity of the news media concerning a co-defendant was in order.

(C) Counsel did not prepare a defense to the charges nor did counsel properly cross-examine witnesses for the prosecution.

The pertinent facts are these. On September 8, 1960, the petitioner was convicted of grand larceny in the Circuit Court of Pulaski County and sentenced

to three years confinement in the Virginia State Penitentiary. While awaiting his transfer to the penitentiary, the petitioner escaped from the Pulaski County jail on October 23, 1960, only to be recaptured on October 24, 1960. The petitioner was indicted on nine charges of burglary, all occurring during petitioner's brief period of freedom and, on one charge of forcible jail escape. There is a waiver of a preliminary hearing signed by the petitioner and dated November 3, 1960, in the record. Being unable to employ his own counsel, the Circuit Court appointed two attorneys to represent the petitioner. On November 22, 1960, the petitioner appeared before the Circuit Court of Pulaski County, and after consultation with his attorneys, entered pleas of guilty to four of the indictments charging burglary. After a pre-sentence report was prepared and presented, the petitioner was sentenced to serve a term of ten years on each conviction, the sentences to run concurrently. The remaining burglary indictments were nol-prossed. The escape charge resulted in conviction of the petitioner and an additional five year sentence.

■ Petitioner's first claim is that he was denied a preliminary hearing. Although the record is unclear as to whether the petitioner knowingly waived a preliminary hearing, the court finds it unnecessary to unravel the evidence. In Webb v. Commonwealth, 204 Va. 24, 129 S.E.2d 22 (1963) it was held that the requirement of a preliminary hearing of one arrested on a charge of a felony is not jurisdictional and that its denial does not violate "due process" and "equal protection" of the laws clause of the Fourteenth Amendment of the United States Constitution. If the petitioner made no incriminating statements, which he does not allege, no constitutional right has been violated by the denial. Ward v. Peyton, 349 F.2d 359 (4th Cir.1965); Vess v. Peyton, 352 F.2d 325 (4th Cir.1965) cert. denied 383 U.S. 953, 86 S.Ct. 1215, 16 L.Ed.2d 214 (1966); Timmons v. Peyton, 240 F.Supp. 749 (E.D.Va.1965). Thus, the court finds no basis on which to grant relief on this claim.

■ The second claim that petitioner presents is that he was convicted of common-law burglary which is a capital offense when in fact the place burglarized was a summer cabin and not a dwelling house. It is sufficient to say that this is not a proper subject for our review. Habeas corpus is not a substitute for an appeal. Grundler v. North Carolina, 283 F.2d 798 (4th Cir.1960). The sufficiency of evidence to support a conviction is normally a matter of state law not involving federal constitutional issues, and it is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. Faust v. State of North Carolina, 307 F.2d 869, 871 (4th Cir.1962); Clark v. Peyton, 280 F.Supp. 205 (W.D.Va. 1968). From an examination of the records before this court, we find no indication of fundamental unfairness.

■ Similarly, the same may be said of petitioner's claim that he was convicted on the hearsay testimony of two police officers. Additionally the court notes that the convictions resulted after the petitioner had entered pleas of guilty. The petitioner does not allege before this court that his pleas were not voluntary. "A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927). The conviction and sentence following a plea of guilty are based solely and entirely upon the plea and not upon any evidence that the prosecuting authorities have acquired or presented. Hughes v. United States, 371 F.2d 694 (8th Cir. 1967); United States v. Ptomey, 366 F. 2d 759 (3rd Cir.1966). Thus petitioner's conviction rests upon his plea of

guilty, not the alleged hearsay testimony of the police officers.

■■ Petitioner's next claim is that he was prejudiced by the fact that he was tried before the court in handcuffs. At the state habeas corpus hearing the petitioner testified that he was handcuffed and also restrained by a safety belt both at his trial and at his sentencing. The petitioner's father testified that the petitioner was handcuffed at the sentencing, but could give no information on the actual trial because he was not present. Although one of the trial counsel could not remember whether the petitioner was handcuffed, the other court-appointed trial counsel specifically stated that the petitioner was not handcuffed at his trial or at his sentencing. It is well settled that in order to be granted federal habeas corpus relief, the petitioner must prove by a preponderance of the evidence that a constitutional right has been violated. Redd v. Peyton, 270 F.Supp. 757 (W.D.Va. 1967). Petitioner's evidence, having been squarely met and contradicted, fails to meet the necessary burden of proof. Additionally the court again notes that the petitioner was tried by a judge sitting without a jury and that pleas of guilty were entered. Even assuming that the petitioner was handcuffed, it is difficult, under the circumstances, to perceive an error amounting to a violation of any of petitioner's constitutional rights. For these reasons, this court can find no grounds on which to grant relief based on this claim.

■■ Petitioner's remaining claim is that he was denied the effective assistance of counsel as guaranteed by the United States Constitution. Specifically the petitioner alleges that his counsel did not interview witnesses to determine petitioner's innocence; that counsel did not request a change of venue in spite of adverse publicity and; that counsel did not prepare a defense or properly cross-examine witnesses. From a review of the record, including the transcript of the state habeas corpus proceedings, we find the claim as to the ineffective representation of counsel to be without merit. Two attorneys, one with three years of experience and the other with over thirty-one years of experience, were appointed to represent the petitioner. The more experienced attorney testified that there were five or six conferences with the petitioner; that there were conferences with the Commonwealth Attorney and with the Circuit Court Judge seeking a commitment as to punishment, but that no agreement could be reached; that an on the site investigation of the various places burglarized was conducted; that each separate indictment was examined and discussed with the petitioner; that both of petitioner's attorneys presented arguments on petitioner's behalf; that a pre-sentence report was requested; that the officers preparing the pre-sentence report were questioned at length on cross examination and; that no witnesses were presented because the petitioner had no witnesses to present. The other court-appointed attorney corroborated the above testimony generally. In addition the petitioner testified that he knew the nature of the charges against him, that he knew the effect of a guilty plea and that such a plea was entered voluntarily. "Ordinarily, one is deprived of effective assistance of counsel only in those extreme instances where the representation is so transparently inadequate as to make a farce of the trial." Root v. Cunningham, 344 F.2d 1, 3 (4th Cir.1965) cert. denied 382 U.S. 866, 86 S.Ct. 135, 15 L. Ed.2d 104 (1965). The record before this court contains no evidence to show that the trial was a farce, but rather to the contrary. The testimony shows that the appointed counsel were active and conducted an over-all investigation of petitioner's case. As to the specific allegations as to concerning a motion for a change of venue and the improper cross-examination, it is sufficient to say that these are matters concerning the judgment of counsel in his conduct of the trial and as such, in the absence of extraordinary circumstances, do not de-

**518**

prive the petitioner of a constitutional right which would entitle him to habeas corpus relief. Tompa v. Commonwealth of Virginia, 331 F.2d 552 (4th Cir. 1964); Bolden v. United States, 105 U. S.App.D.C. 259, 266 F.2d 460 (1959). Finding no extraordinary circumstances, we can grant no relief based upon this claim.

For the foregoing reasons the petitioner has failed to convince this court that he is entitled to relief based on any of his claims and it is therefore adjudged and ordered that the writ be denied and the petition dismissed.

The clerk is directed to send a copy of this opinion and judgment to the petitioner and to the respondent.