Sylvester W. CAMM, Petitioner,

v.

C. C. PEYTON, Superintendent Virginia State Penitentiary, Respondent.

Civ. A. No. 69–C–2–L.

United States District Court
W. D. Virginia,
Lynchburg Division.

May 6, 1969.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before this court on a petition for a writ of habeas corpus filed *in forma pauperis* by Sylvester W. Camm, a state prisoner, pursuant to 28 U.S.C.A. § 2241. The petition was originally filed in the United States District Court for the Eastern District of Virginia and was ordered transferred to this court by order dated January 17, 1969.

Petitioner is serving a sentence of twenty-five years in the Virginia State Penitentiary pursuant to a judgment of the Corporation Court of Lynchburg of February 10, 1967, wherein he was convicted for the crime of first degree murder. The conviction resulted after a trial by a judge without a jury in which the petitioner, represented by court appointed counsel, entered a plea of guilty. No appeal was taken from the conviction.

■ The petitioner filed a petition for a writ of habeas corpus in the state courts on April 19, 1967. The Virginia Supreme Court of Appeals issued a writ of habeas corpus returnable to the Corporation Court for the City of Lynchburg on March 6, 1968. On June 14, 1968, the Corporation Court, after hearing argument of counsel, denied the petitioner's request for a plenary hearing and by order dated June 24, 1968, denied the writ and dismissed the petition. An appeal to the Virginia Supreme Court of Appeals resulted in the writ being rejected by order dated December 6, 1968. Thus having exhausted his state remedies, the petitioner is properly before this court in compliance with 28 U.S.C.A. § 2254, as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963).

The petitioner alleges that his conviction should be voided because he received ineffective assistance from his court-appointed counsel at his trial because the counsel did not raise the defense that petitioner was intoxicated at the time of the commission of the crime which would negate the requisite intent for first degree murder, and that an extra-judicial confession, obtained illegally, was used at the trial.

■ It is unnecessary for this court to have a plenary hearing concerning petitioner's claim. Such a hearing would be unproductive since the state court records now before this court provide an adequate basis for decision. See Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960).

Upon an examination of the records before this court, including a transcript of the trial, there can be no doubt that the plea of guilty was entered voluntarily by the petitioner. The trial court made a searching inquiry to determine that the petitioner understood his rights and the nature of his plea. The petitioner, in answer to the court's questioning, stated: that he knew he had a right to plead not guilty and to be tried by a jury; that the decision to plead guilty was his own after consultation with his attorney; that his plea was not coerced by the court-appointed attorney or anyone else; that he had no witnesses to testify on his behalf; that he was satisfied with the representation of his attorney and; that he had no complaint against any law enforcement person concerning their conduct toward him. The judgment order of the court states that the plea of guilty was entered knowingly and voluntarily with the advice of counsel and that the court was of the opinion that the petitioner understood the nature of his plea. This court also notes that the petitioner readily admits that he accepted the advice of counsel in pleading guilty in return for a recommendation by the Commonwealth Attorney for a sentence of twenty-five years. The petition, filed in this court, reads in part as follows:

On February 10, 1967, I was tried before the Corporation Court for the City of Lynchburg, Virginia, without a jury for the first degree murder of my wife and was sentenced to 25 years in the Virginia State Penitentiary. Before the trial, the Common-

wealth Attorney informed Mr. George Fralin, Jr., my attorney at the time, that he would recommend the sentence of 25 years if I would pled [sic] guilty to the charge of first degree murder. Mr. Fralin discussed the plea with me and my attitude was that I would rely on the advise [sic] of my attorney since he presented no evidence whatsoever on my behalf.

We find no merit in the contentions of the petitioner. A plea of guilty waives all defenses other than that no offense is charged. See Arey v. Peyton, 209 Va. 370, 164 S.E.2d 691 (1968). In Virginia a plea of guilty to an indictment is a plea of guilty to the highest offense charged in the indictment, McGrady v. Cunningham, 296 F.2d 600, 96 A.L.R.2d 1286 (4th Cir. 1961) cert. denied 369 U.S. 855, 82 S.Ct. 944, 8 L.Ed.2d 14 (1962), and if entered with the advice of counsel and with knowledge of the consequences of such a plea, the prosecution is relieved of proving any facts. Smith v. Peyton, 276 F.Supp. 275 (W.D.Va.1967). The resulting conviction is based solely upon the plea and not upon any evidence which may have been acquired by the prosecuting authorities. Hughes v. United States, 371 F. 2d 694 (8th Cir. 1967). The records before this court clearly reveal that the petitioner entered a plea of guilty voluntarily and with knowledge of the consequences. The plea was entered with the knowledge that the Commonwealth Attorney would recommend a sentence of twenty-five years in the penitentiary. This recommendation was made to the court, accepted and the petitioner was subsequently sentenced to serve the recommended twenty-five years. In addition the petitioner stated at his trial that he knew he had a right to plead not guilty and be tried by a jury, that his plea was his own with the advice of counsel, that he had no witnesses, that he had no complaints concerning any law enforcement authorities and that he was satisfied with the representation of his court-appointed counsel. Even in his present petition, the petitioner acknowledges that his plea was entered with the advice of counsel.

The petitioner's claims then center around the failure of the court-appointed counsel to introduce evidence to reduce the degree of murder and around the use of an alleged illegally obtained confession. We have already answered the question concerning the confession by indicating that even if the petitioner's claim is true, his conviction is based solely on his plea of guilty, not upon any confession which the authorities might have obtained. See Hughes v. United States, 371 F.2d 694 (8th Cir. 1967). As to the counsel's failure to introduce evidence at the trial, it is sufficient to say that a petitioner challenging the competency of counsel must clearly allege a factual situation which, if established by the evidence, would show that the representation of counsel reduced the trial to a farce or sham. Busby v. Holman, 356 F.2d 75 (5th Cir. 1966). The fact that the court-appointed counsel offered no evidence as to the degree of the crime after a plea of guilty was entered, at the most, if error at all, was an error of judgment in his tactical conduct of the trial. It has repeatedly been held that mistakes in judgment or trial tactics by counsel during trial do not deprive an accused of a constitutional right. Tompa v. Commonwealth of Virginia, 331 F.2d 552 (4th Cir. 1964). Furthermore the court notes that the petitioner's counsel cross-examined the state's witnesses when evidence was presented during trial. The record also contains a medical report that states that the petitioner was not insane and that he was capable of assisting in his own defense. From a careful examination of the records, which leads this court to the conclusion that the petitioner's plea of guilty was voluntarily and knowingly entered, we can find no grounds alleged on which to grant federal habeas corpus relief.

For the foregoing reasons, it is accordingly adjudged and ordered that the writ be denied and the petition be dismissed.