Moses CRAWFORD, Petitioner,

v.

J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 68-C-12-C.

United States District Court
W. D. Virginia,
Charlottesville Division.

Nov. 5, 1969.

Edward J. White, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

On May 31, 1955, Moses Crawford, petitioner, was tried on three counts of robbery in one consolidated trial held in

the Circuit Court of Albemarle County. At the trial, Crawford was represented by counsel engaged by Crawford's parents and entered an initial plea of not guilty. He was convicted by a jury and received a sentence of ten years on each count, indictments numbered 928, 929 and 930, with the terms running consecutively.

Petitioner did not make a direct appeal of his conviction, but he did file a petition for a writ of habeas corpus in the Virginia courts on April 13, 1967. This petition attacked his conviction under indictment #929. A full plenary hearing was granted petitioner in the Circuit Court of Albemarle County on March 21, 1968, and on June 6, 1969, that court denied and dismissed the petition. On December 6, 1968, Crawford's petition for a writ of error to the lower court's judgment was rejected.

Contemporaneous with the filing of the petition in the Virginia courts, Crawford filed a petition on April 15, 1968, with the United States Eastern District Court of Virginia. The petition was transferred to this court. The petitioner was apparently attacking the convictions under indictments #928 and #930; he stated that the state courts would not hear these claims. On April 23, 1968, this court dismissed the petition for failure to exhaust state remedies. On that same day, Crawford filed another petition in the Eastern District, which was subsequently transferred to this court. By order dated April 26, 1968, that petition, which alleged the same grounds as the previous petition, was incorporated with the prior petition and similarly dismissed. On appeal, the United States Court of Appeals for the Fourth Circuit remanded the case for a determination on petitioner's claims made as to the conviction on indictment #928, the fully served sentence. The court held that under Virginia law a fully served sentence may not be attacked in a habeas corpus proceeding and that this court's dismissal as to conviction on indictment #928 was improper. See,

Memorandum Decision No. 12,513 (filed Nov. 19, 1968).

Two further petitions were filed in the Eastern District Court and have been transferred here. The first was filed on February 12, 1969, and challenged the conviction on indictment #929; the second was filed on July 22, 1969, and attacks the conviction on indictment #930.

 Petitioner has exhausted his state remedies as to those claims directed specifically to conviction under indictment #928. Also, petitioner has exhausted his remedies as to those claims on indictment #929 on which a plenary hearing and judgment were given. Because Crawford was given one trial on the three counts, all factual and legal allegations raised, to date, as to conviction on one of the indictments is equally applicable to the other two convictions. Therefore, once Crawford's claims have been fully presented to the state courts on one conviction, the identical claims are exhausted as to the other convictions. In an analogous situation, the Supreme Court in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), held that § 2254 does not require repetitious applications to the state courts. Although *Brown* decided whether petitioners must seek collateral relief on the same grounds which they used on direct appeal, the underlying principle is the same. Once the highest court of the state has heard a claim, the remedies as to that factual and legal claim have been exhausted. Therefore, any claims petitioner makes under indictment #930, which have already been presented to the state courts on conviction under indictment #929, will be heard and determined. Also, any determination this court makes today will have equal weight and be binding as to the convictions on all three indictments.

In accord with the order remanding this case from the Fourth Circuit, all previous orders dismissing petitions of Crawford for failure to exhaust state remedies are hereby rescinded and the

claims raised will be given another consideration.

Petitioner alleges that he was given ineffective representation by counsel. Specifically, petitioner claims that his counsel failed to obtain witnesses although advised of those who could prove his innocence; that counsel incorrectly allowed petitioner to change his plea midway through the trial; and, that in counsel's closing argument, he told the jury that his client should get some time. The Albemarle Circuit Court heard evidence on these claims and in its April 13, 1967, order stated that "petitioner was granted the effective assistance of counsel."

 It was not disputed that counsel had Crawford take the stand and admit his guilt. It is further not disputed that counsel stated that his client should get some time. But these are matters which are trial tactics and within counsel's discretion. In Snead v. Smyth, 273 F.2d 838, 842 (4th Cir. 1959), it was held:

> It is generally held that mere mistakes or errors of counsel are not sufficient to establish a violation of the defendant's constitutional right. It is only in such extreme instances where the representation has been so inadequate as to make a farce of the trial that it can be said that the prisoner was deprived of his constitutional rights. It has been repeatedly held that in case of counsel selected by the defendant the commission of what retroactively may appear to be errors of judgment on the part of the attorney does not constitute a constitutional lack of due process and does not defeat the jurisdiction of the trial court.

That counsel's discretion was not abused so as to amount to a lack of due process was amply demonstrated to the state court. Crawford's counsel at the hearing testified:

> The plan from the beginning was to ask for a jury—to plead not guilty but then admit that they had done it. But then bring in mitigated circumstances to try to soften the punishment. (p. 36)

The Commonwealth's Attorney also testified at the hearing on the trial. He stated:

> I was kind of surprised with really the lightness of the sentence. (p. 49)

> I was expecting a considerable more severe penalty. As Your Honor knows robbery—two counts were robbery—and the minimum in those days under the statute were (sic) 8 years. Ha's (sic) got two years above the minimum on the two. Of course the second—the Massey Trye was an attempted robbery accompanied by actual shooting. The man did not die from it of course. (p. 50)

As to the allegation that counsel did not call favorable witnesses, the state court obviously did not believe petitioner's account. At the plenary hearing, Crawford's counsel testified:

> Each time I saw them—I saw the petitioner and his brother James together. * * * My files as to all the things they told me are incomplete, in that they told me—and this is very clear in my memory—first one story and then another. And they would tell me the story in great detail. I would take notes on them. Then I would go check it out and find out it wasn't true. Get enough evidence that would convince them that it was very obviously not going to be accepted. Then I would come back and confer with them again. They would finally admit—well yes we weren't telling you the truth. Here is the true story. Then they would give me another. I would check that out. And finally the same thing. Finally they gave me a story upon which I do have pretty complete notes. In checking that out I did not find it not to be true. (pp. 32 & 33)

The last story the petitioner gave his counsel amounted to an assertion that another person had talked petitioner into committing these crimes.

■ This court infers from the holding of the state court that it believed petitioner's counsel checked out every witness supplied to him and that there were no witnesses which could prove petitioner's innocence. This court is satisfied that the state court's inferred finding of fact was correct and reached after a full and fair hearing.

■ Petitioner asserts that he was physically and mentally coerced into confessing to the crime. The Circuit Court of Albemarle County held, after the plenary hearing, that "the petitioner has failed to establish that he was physically or mentally coerced into confessing to the crimes of which he was convicted." Petitioner's allegation is contradicted by his own statements. In a previous habeas corpus petition filed in the Circuit Court of Powhatan County on February 13, 1967, petitioner alleged:

> While the petitioner was held in jail certain police authorties (sic) phyically (sic) and mentally punished the petitioner for the purpose of obtaining a confession. Petitioner was removed from the jail to a hospital for treatment. The petitioner did not sign a confession. (emphasis added)

At the plenary hearing, petitioner, also, testified that he did not sign a confession. First, petitioner alleges he was physically and mentally punished, but never signed a confession. Then petitioner decides that his claim has more merit if he did confess, but involuntarily. The court will not tolerate this switching of claims and finds that petitioner has contradicted himself out of court on this point.

■ Petitioner has, also, asserted that he was arrested and detained without a warrant. This claim was presented to the state courts and no specific answer was directed to this assertion in the state court order dismissing the petition. Although there is no certainty that there was a warrant in this case, the matter need not be herein resolved. Numerous cases have held that an unlawful arrest in itself is not grounds for setting aside an otherwise valid conviction, especially where there is no evidence to show that anything occurred as a result thereof to deny the petitioner a fair trial. Delano v. Crouse, 327 F.2d 693 (10th Cir.1964); Howard v. Allgood, 272 F.Supp. 381 (E.D.La.1967); United States ex rel. Williams v. Myers, 196 F.Supp. 280, 281 (E.D.Pa.1961). See also, Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952).

As to petitioner's remaining claims, he has failed to exhaust his state remedies. These are claims which do not arise from the conviction under indictment #928 or which have never been presented to the state courts. As to these claims, petitioner is advised to seek relief in the original trial court. If not successful there, then petitioner should appeal the Circuit Court's judgment by a writ of error to the Virginia Supreme Court of Appeals. After petitioner has properly presented these claims to the state courts, this court will undertake a consideration of these remaining claims.

■ It should be noted that the state's Assistant Attorney General has attempted to waive the exhaustion requirement. Certain circumstances make it necessary for the District Court to relax the exhaustion requirement, but none are presented here. Although it is generally recognized that the exhaustion requirement is a matter of comity, the Attorney General of a state does not have the personal right to waive the requirement. Wade v. Peyton, 378 F.2d 50 (4th Cir. 1967). The exhaustion requirement was established to preserve the federal system. In Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950), the rationale behind the requirement was explained:

> * * * [I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation * * * Solution was found in the doctrine of comity between courts, a doctrine which teaches

that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

The court however, would like to make a few comments on some of the allegations which have not been exhausted in the state courts.

Petitioner claims that two habeas corpus actions were dismissed by the Circuit Court of Albemarle County without a hearing and without counsel being appointed—once on February 6, 1967, and the other on March 18, 1969. As to the March 18, 1969 judgment, petitioner further asserts that a notice of appeal requesting counsel to perfect the same has been ignored.

The only record of a writ filed around February 6, 1967, was the filing of one in the Powhatan County Circuit Court on February 13, 1967, which was removed to the Albemarle Circuit Court and which resulted in a plenary hearing on March 21, 1968. As to the March 18, 1969 judgment, petitioner has not given the Virginia Supreme Court of Appeals sufficient time to rule on his contentions.

█ Petitioner asserts also that the indictment was defective on its face in that it failed to state "against the peace and dignity of the Commonwealth." This matter cannot be raised in this court on habeas corpus because it does not charge a violation of the United States Constitution.

Petitioner asserts that he was denied an appeal of the original trial. It is evident that petitioner never raised this claim in his petition filed with the Albemarle Circuit Court on April 13, 1967. His petition, filed with the Albemarle Circuit Court on December 26, 1968, did raise this claim, but the matter has not been heard by the Virginia Supreme Court of Appeals (thereby exhausting the state remedy).

Petitioner has, also, asserted that he was denied a public trial. The April 13, 1967 petition did raise the issue of exclusion of witnesses from the courtroom. Petitioner's father did testify at the hearing that he was excluded, but it was evident that he was not a witness. It is clear that the state court only considered the matter of exclusion of witnesses. It was never sufficiently presented to the state court that the petitioner may have been denied a public trial and the issue was not such that the state court should have reasonably considered the matter on its own.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;
2. The judgment, order or part thereof appealed from; and
3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

Petitioner is advised that any further petitions he may wish to file with this court may be filed directly on forms furnished by this court. Failure to do so will not affect any rights of petitioner, but the matter may receive faster consideration.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the writ denied.