**Donald Lee TINGLER, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–66–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

July 20, 1970.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

Petitioner is detained in the Virginia State Penitentiary pursuant to a judgment of the Circuit Court of Alleghany County rendered July 16, 1965. He claims that the conviction was obtained by unconstitutional means and seeks federal habeas corpus relief under 28 U.S.C. § 2241(c) (3).

The conviction in question here grows out of the shotgun-death of petitioner's fourteen year old wife on the night of December 7, 1964. Police officers were called to the scene that night where they found the petitioner kneeling over the deceased. He was arrested late that night and a warrant charging him with murder was issued the next morning. His family hired two attorneys to represent him at the trial at which he entered a plea of not guilty and was tried by a jury. Petitioner was convicted of first degree murder and sentenced to a term of forty years.

Petitioner alleges that his detention is unlawful in that:

(1) his arrest was illegal because the warrant was improperly issued;

(2) he was not advised of his right to counsel and his right to remain silent;

(3) the state court habeas corpus hearing did not allow his attorney to fully develop the evidence relating to violation of Constitutional guarantees;

(4) his right to a fair and impartial trial was denied by the court's failure to give a requested instruction on drunkenness; and

■ (5) the Supreme Court of Appeals of Virginia denied him due process of law on the hearing on appeal from a denial of the writ of habeas corpus by the lower court by interposing "between his counsel and the justices, an intermediary, who by reason of his prior employment as a prosecuting attorney and an Assistant Attorney General of the Commonwealth was inclined to * * * deny writs." Some of these claims have been presented in a petition for a writ of habeas corpus to the Circuit Court of Alleghany County and on appeal to the Supreme Court of Appeals of Virginia. Both courts denied the writ. Therefore the petitioner has exhausted his state remedies with regard to some of his claims. 28 U.S.C. § 2254.

■ The issue of the refusal of the trial court to grant an instruction on drunkenness has not been presented to the state courts. Therefore petitioner has not exhausted his state remedies on this point. The court notes in passing, however, that this complaint is a ground for appeal rather than habeas corpus relief since it is a matter of record in the trial.

■ Petitioner has alleged that his arrest was illegal. The fact that an arrest may be technically illegal is not cognizable in habeas corpus, especially when there is absolutely no showing of any prejudice resulting from such arrest. Streeter v. Craven, 418 F.2d 273 (9th Cir. 1969); Edwards v. Hale, 302 F. Supp. 775 (S.D.Ala.1969); Hamilton v. State of North Carolina, 260 F.Supp. 632 (E.D.N.Y.1966) (dictum).

■■ The allegation that petitioner was not advised of his right of counsel and of his right to remain silent is frivolous because it is clear from a reading of the transcript that no statement or confession was ever introduced at the trial. The Commonwealth did not offer a confession as affirmative evidence or even for the purpose of impeachment when petitioner testified in his own behalf. It is clear that the evidence offered by the prosecution was not discovered through any knowledge gained from any statement made by the petitioner. It is settled that a confession obtained through unlawful means does not violate a defendant's rights when the statement is not used against him. Cooper v. Peyton, 295 F.Supp. 21 (W.D. Va.1968). See also United States ex rel. Piracci v. Follette, 284 F.Supp. 267 (S. D.N.Y.1968).

Petitioner alleges that the state habeas corpus hearing was insufficient to allow development of the evidence on alleged violation of Constitutional guarantees. This allegation actually concerns the question of whether this court should grant an evidentiary hearing; certainly it does not deal with the legality of petitioner's current detention. It is clear from a reading of the transcript of the habeas corpus hearing that petitioner was attempting to bring out evidence of a confession obtained without

being advised of his rights. This court has already pointed out that no confession was introduced and therefore any evidence of a confession would be irrelevant. This claim is also without merit.

■■ Petitioner's final and most interesting claim concerns the fact that argument on the petition for a writ of error to the judgment of the Circuit Court of Alleghany County denying the writ of habeas corpus was not heard by a justice of the Supreme Court of Appeals of Virginia. It is not necessary for this court to consider whether this claim has any merit because it does not question the legality of petitioner's imprisonment. The question of the sufficiency of a state remedy is important in a federal habeas corpus case only in determining whether a petitioner has sufficiently exhausted his state remedies. 28 U.S.C. § 2254.

For the foregoing reasons the court does hereby adjudge and order that the relief requested should be and hereby is denied, and the petition for habeas corpus is hereby dismissed.

The clerk is directed to send certified copies of this opinion and judgment to the petitioner and to the respondent.