**John Asa HANCOCK, Jr., Petitioner,**

v.

**A. E. SLAYTON, Jr., Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 72–C–44–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

April 27, 1972.

James E. Kulp, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge.

Pursuant to 28 U.S.C. § 2241 John Asa Hancock, Jr., proceeding *in forma pauperis,* has petitioned this court for a writ of habeas corpus. The petitioner, after waiving his right to a preliminary hearing, was indicted on March 7, 1966 for grand larceny. He was tried by the Hustings Court of the City of Roanoke, pleaded guilty, and was sentenced on March 22, 1966 to four years in the state penitentiary.

The petitioner's action for writ of habeas corpus was filed on April 28, 1971 in the Hustings Court of Roanoke and was amended on June 2, 1971. His petition was denied on August 18, 1971. On September 1, 1971 petitioner notified the Roanoke court that he wished to appeal their decision of August 18 and requested that counsel be appointed to help him perfect his appeal. The Hustings Court denied his request for counsel on September 28, 1971.

The record is unclear at this point whether petitioner filed directly in the Virginia Supreme Court a petition for writ of habeas corpus as allowed by § 17–97 of the Virginia Code and Art. 6 § 1 of the Virginia State Constitution. References in the record indicate that an appeal was made, however, the evidence indicates that this appeal dealt with a 1969 conviction and not the 1966 conviction presently under consideration. On the other hand there are references from

which one might conclude that a direct appeal to the Virginia Supreme Court for writ of habeas corpus was made concerning the 1966 conviction. On January 17, 1972 the Virginia Supreme Court did deny a petition for writ of habeas corpus, however, it did not state which conviction it was considering.

According to 28 U.S.C. § 2254 an application for writ of habeas corpus will not be granted unless it appears that such applicant has exhausted his state remedies. If the Virginia Supreme Court has not considered the questions raised by petitioner in his petition concerning his 1966 conviction, then he has not exhausted his state remedies and this court would be without jurisdiction to consider the present case. Ex Parte Williams, 317 U.S. 604, 63 S.Ct. 431, 87 L.Ed. 491 (1943); Graham v. Teets, 223 F.2d 680 (9th Cir. 1955). Construing the record most favorably toward the petitioner, there is sufficient evidence indicating that 28 U.S.C. § 2254 has been complied with.

Petitioner alleges four grounds which he contends render his conviction constitutionally defective: 1) that there was no warrant for his arrest; 2) that he had ineffective legal assistance; 3) that he was convicted on the hearsay testimony given by police at his trial which was told to police by his accomplices; and 4) that illegally obtained evidence was used to convict him.

The allegations arise from the following facts:

Petitioner and one or two other youths had been breaking into cars for over a year stealing items left therein. The police apparently apprehended one or both of the two other youths who in turn implicated the petitioner. Police went to petitioner's house and arrested him. In the house were numerous items which had been reported stolen over the previous year.

Petitioner alleges that there was no probable cause shown for a warrant to be issued, that any warrant which was issued was invalid because it was issued on the hearsay evidence of the police,

and that he was not served with a warrant until several days after his arrest. While a warrant is not necessary if a defendant is arrested on suspicion of committing a felony, Morgan v. Peyton, 281 F.Supp. 522 (W.D.Va.1968), such a discussion is unnecessary to determine the validity of petitioner's first allegation.

According to one theory urged, it is unlawful to hold a person in custody without a warrant because he might be deprived of his constitutional right to obtain evidence in his favor, therefore any subsequent conviction would lack due process, which even a new trial might not remedy. However, if it is shown that a person illegally detained has not been deprived of this right, then a subsequent conviction will not be overturned. Nevertheless, regardless of whether a warrant is necessary before an indictment can be had, that state cannot be deprived of its right to enforce its laws, where a petitioner does not claim that his detention has prevented him from obtaining evidence in his behalf. Peyton v. Webb, 207 Va. 417, 149 S.E.2d 889 (1966).

Secondly the mere fact that petitioner was arrested in his own home without a warrant does not necessarily void a conviction, nor is it grounds for a collateral attack. The constitution does not require that a person rightfully convicted be set free merely because he was brought to trial against his will. Dewease v. Cox, 327 F.Supp. 652 (W.D.Va. 1971). Habeas corpus is concerned with the fairness of the actual trial itself. An illegal arrest per se is not cognizable in a federal habeas corpus proceeding. Law v. Cox, 329 F.Supp. 849 (W.D.Va. 1971). This principal is well settled. Tingler v. Cox, 315 F.Supp. 871 (W.D. Va.1970); Crawford v. Cox, 307 F.Supp. 732 (W.D.Va.1969).

Petitioner's second alleged federally cognizable error was his court appointed attorney's ineffective legal assistance. Specifically it is asserted that the defense attorney never tried to pro-

tect the petitioner's rights, that his counsel never told him that he has a right to a jury trial, and that the defense never told him that he had a right to appeal. The record does not reveal any showing of incompetence on the defense counsel's part. Petitioner must allege facts which if true would show that his trial was nothing more than a farce or a sham. Camm v. Peyton, 299 F. Supp. 485 (W.D.Va.1969); Montgomery v. Peyton, 299 F.Supp. 514 (W.D.Va. 1969). Nor will mistakes in judgment or trial tactics by defense counsel during trial deprive a defendant of his constitutional rights, even when it concerns the question of whether or not a defendant should plead guilty. Camm v. Peyton, 299 F.Supp. 485 (W.D.Va.1969); Lunnermon v. Peyton, 281 F.Supp. 986 (W. D.Va.1968).

Petitioner's claim of his right to a jury trial is also without merit. Under Virginia Code § 19.1–192 a defendant has no right to a jury trial if he pleads guilty in person, voluntarily, and after having been advised by counsel.

■ The third contention of petitioner relating to ineffective defense counsel deserves more detailed analysis. In Nelson v. Peyton, 415 F.2d 1154, 1156 (4th Cir. 1969) cert. denied Cox v. Nelson, 397 U.S. 1007, 90 S.Ct. 1235, 25 L.Ed.2d 420, the Commonwealth contended that "in the absence of any indication by a defendant to anyone that he wished to appeal, defendant cannot claim that he was denied his right to appeal." In this case the question was whether or not the defendant knew he had a right to appeal. In Nelson the circuit court held that his lack of knowledge of his right to appeal was a clear indication that he was denied effective counsel. The defendant in that case, however, had only a sixth grade education, an I.Q. of 73, and a mental age of eleven.

The court in Nelson relied in part for its decision on Wynn v. Page, 369 F.2d 930 (10th Cir. 1966). In both these cases, however, pleas of not guilty were entered. In a later case, Crow v. United States, 397 F.2d 284 (10th Cir. 1968),

the court was faced with the question of whether defendant had been denied effective legal assistance where the defendant had pleaded guilty but claimed that he did not know that he had the right to appeal. The court held in this case that the lower court was not under a duty to advise the defendant of his right to appeal where a plea of guilty had been entered.

■ In Virginia there is no duty by either the court or counsel to advise a defendant of his right to appeal where a defendant is apparently satisfied with the outcome of his trial; where there is no indication to his attorney that he desired to appeal; and where he does not claim that he would have appealed even if advised of this right. Peyton v. Webb, 207 Va. 417, 149 S.E.2d 889 (1966); See, Lester v. Peyton, 303 F. Supp. 364 (W.D.Va.1969).

Since a plea of guilty is itself a conviction by the defendant's own hand, Montgomery v. Peyton, 299 F.Supp. 514 (W.D.Va.1969), it would seem senseless, using the rationale of *Crow* and *Webb*, for a defendant to also want to claim the right to appeal his conviction, unless perhaps the guilty plea was coerced. In the present case, however, it appears that the plea was freely rendered by the petitioner.

■ Petitioner's contention may also be dispensed with on another ground. Under Virginia law a plea of guilty affords a defendant the right to appeal jurisdictional defects or questions concerning the length of his sentence only. Even if the *Nelson* rule were to apply to a case where a guilty plea was entered, such a limitation on the right of appeal would not contravene the Fourteenth Amendment. St. Clair v. Cox, 312 F. Supp. 168 (W.D.Va.1970).

■ Petitioner's third allegation that he was convicted on hearsay testimony obtained from two accomplices and given by police in court is unfounded. If a plea of guilty is made the prosecution is entirely relieved of the burden of proving any facts. The resulting conviction

and the sentence following are based solely and entirely upon the guilty plea and not upon any evidence that the Commonwealth might have introduced at trial. Camm v. Peyton, 299 F.Supp. 485 (W.D.Va.1969); Montgomery v. Peyton, 299 F.Supp. 514 (W.D.Va.1969).

 Fourthly, petitioner alleges that there was an illegal search and seizure of his home, and articles taken from it were used at trial to convict him. As previously stated, petitioner was not convicted on any evidence presented by the prosecution, but solely on his own plea of guilty. In addition a plea of guilty waives all but jurisdictional objections and the objection that no offense is charged. St. Clair v. Cox, 312 F.Supp. 168 (W.D.Va.1970); Camm v. Peyton, 299 F.Supp. 485 (W.D.Va.1969). Since petitioner was not convicted on any evidence taken from his apartment, whether or not illegally obtained, and because he has alleged no jurisdictional defects, and because no such defects can be discerned from the record, his fourth allegation is also without merit.

Petitioner's petition for writ of habeas corpus should be denied, and it is so ordered and this action is dismissed.