Melvin Douglas SAUNDERS, Petitioner,

v.

A. E. SLAYTON, Superintendent,
Virginia State Penitentiary,
Respondent.

Civ. A. No. 72–C–95–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Sept. 26, 1972.

Andrew P. Miller, Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Melvin Douglas Saunders, who is currently serving a ten year sentence for grand larceny, has petitioned this court for a writ of habeas corpus. He alleges the following errors in support of his petition: 1) insufficient evidence, 2) false and perjured testimony, 3) denial of his right to an impartial trial, and 4) ineffective counsel.

Neither of petitioner's first two grounds raises the necessary federal question required by 28 U.S.C. § 2254(a). Federal courts cannot in habeas corpus petitions substitute their opinion about the evidence for that of the jury or trial court. United States ex rel. Cunningham v. Maroney, 397 F. 2d 724 (3rd Cir. 1968); Delph v. Slayton, 343 F.Supp. 449 (W.D.Va.1972); Francis v. California, 326 F.Supp. 83 (C.D.Cal.1971); United States ex rel. Thomas v. Deegan, 282 F.Supp. 344 (S. D.N.Y.1968).

Petitioner contends that his right to an impartial trial was denied because he was not given the opportunity by his at-

torney or the court to call witnesses in his behalf during the preliminary hearing. The defendant contends that because there is no constitutional right to a preliminary hearing in Virginia, then error at this stage of the proceedings cannot constitute grounds for habeas corpus relief.

■ Without determining whether or not Virginia must afford defendant a preliminary hearing, it has been held that when there is a preliminary hearing, it is a critical stage. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1969).

■■ This court has held that with respect to the trial itself mistakes in trial tactics by a defense attorney does not deprive a defendant of his constitutional rights. Hancock v. Slayton, 341 F.Supp. 436 (W.D.Va.1972); Camm v. Peyton, 299 F.Supp. 485 (W.D.Va. 1969); Lunnermon v. Peyton, 281 F. Supp. 986 (W.D.Va.1968). This court believes that if mistakes in trial tactics at the actual trial do not deprive one of his rights, then mistakes in tactics at the preliminary hearing do not deprive an individual of his constitutional rights.

Finally, petitioner argues that his counsel was ineffective because he failed to perfect an appeal within the required time. His attorney in fact has admitted to this allegation in a letter.

The respondent contends that this point was so obscure in petitioner's state habeas corpus petition that the Virginia Supreme Court overlooked it altogether, particularly because the attorney's letter, present in the instant petition, was not included in the state habeas corpus petition. He requests this court to dismiss this petition on this point and let petitioner apply to the Virginia Supreme Court for a belated appeal.

■ Upon an examination of petitioner's state habeas corpus petition, this court finds that this point was not as obscure as respondent contends. This issue was mentioned first in paragraph seven relating to appeals from convictions and in an appendix which contained a full discussion of all petitioner's claims, this particular point being underlined. Therefore, the Virginia Supreme Court did consider this ground and dismissed it.

■ It has been held that a defendant's lack of knowledge of his right to appeal is a clear indication that he was denied effective legal counsel. Nelson v. Peyton, 415 F.2d 1154 (4th Cir. 1969). In the present case petitioner knew of his right and requested an appeal. In Smith v. Cox, 435 F.2d 453 (4th Cir. 1970) the court stated:

> His argument is two-fold. First, he argues that his first counsel, appointed to represent him on appeal, did nothing and permitted the appeal to lapse. Undoubtedly, this was ineffective representation, but this denial of petitioner's rights was subsequently redressed. New counsel was appointed, and application for a writ of error was prepared and filed. Although it was denied on the merits, it was considered out of time, and petitioner is entitled to no more.

Smith v. Cox, 435 F.2d 453, 458 (4th Cir. 1970); accord, Lumpkin v. Smith, 439 F.2d 1084 (5th Cir. 1971).

If the petitioner further insists that his right of appeal has not in substance been redressed, then he should seek a belated appeal in the Supreme Court of Virginia, which court has been extremely considerate in granting belated appeals to petitioners under similar circumstances.

Petitioner's case is dismissed.