**Otis H. HATFIELD, Jr., Petitioner,**

v.

**R. M. OLIVER, Superintendent, Virginia State Farm, Respondent.**

Civ. A. No. 72-C-42-A.

United States District Court,
W. D. Virginia,
Abingdon Division.

Jan. 10, 1973.

William A. Carter, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

The petitioner, Otis Henry Hatfield, has petitioned this court for a writ of habeas corpus. The petitioner was convicted of armed robbery on August 29, 1969 and sentenced to twenty years in prison.

In his petition he contends his conviction is unconstitutional because: 1) he was denied his right to appeal 2) he was identified improperly without the benefit of counsel; and 3) he has ineffective legal counsel.

Petitioner's first allegation is totally without merit. The court need only quote from the petitioner's perjury trial on September 4, 1969 to show the frivolity of this claim.

"MR. COOLEY: If the Court please, I have some matters concerning the trial of the case we had here last Friday that I would like to get into the record.

THE COURT: All right, sir.

MR. COOLEY: First, I would like for the Court to advise Mr. Hatfield of his appeal rights, which I have done myself From what he has told me, he does not desire to enter an appeal at this time but I would like for the Court to advise him and to inquire as to whether he directs that an appeal be taken.

THE COURT: Stand up please, Mr. Hatfield. You have heard your attorney, you do have a right to appeal the armed robbery conviction; what good it would do you I don't know but anyway that is a right that you have and if you want Mr. Cooley to proceed with it he will do so. I advise you now that you do have that right. I understand from Mr. Cooley that you do not desire to affect any appeal, is that right?

MR. HATFIELD: Yes, sir."

It is clear from the transcript and from the petitioner's own statement that he knew of his right to appeal and declined to exercise it.

Second, petitioner contends that he was improperly identified upon his

arrest. The evidence from the trial shows that the following events occurred. After the robbery the police and the victim went to a motel where the petitioner was staying. One officer knocked on the door and identified himself as a police officer. There were three men in the room and when the door was opened fully, the victim immediately pointed to the petitioner as the robber. The petitioner was immediately placed under arrest.

The Fourth Circuit has held that where an out-of-court identification of an individual by the victim immediately after the crime might be in some respects improper or tainted, nevertheless, where it appears that the in-court identification is based not upon the original out-of-court identification but upon the victim's recollection, there exists an independent source for the in-court identification which purges any prior or existing taint. Terry v. Peyton, 433 F.2d 1016 (4th Cir. 1970).

In the present case the questionable identification took place in May, 1969 and the trial was not held until the following August. Thus there is little chance that the in-court identification was based upon the earlier out-of-court identification rather than recollection. Petitioner's second contention is without merit.

■ Finally petitioner contends that he has ineffective counsel. This allegation too is without merit. At the September 4, 1969 hearing the petitioner explicitly stated that he was satisfied with his counsel and desired to have him continue to represent him. Unless the performance of defense counsel is such as to make the trial a farce or a sham, the trial tactics of defense counsel will not be questioned by the court in habeas corpus petitions. Hancock v. Slayton, 341 F.Supp. 436 (W.D.Va.1972); Camm v. Peyton, 299 F.Supp. 455 (W.D.Va. 1969). Petitioner's petition for writ of habeas corpus is denied.