James Clyde **BURTON**, Petitioner,

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–9.**

United States District Court, W. D. Virginia, Danville Division.

April 1, 1970.

Edward J. White, Asst. Atty. Gen., Richmond Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by James Clyde Burton, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was originally filed in the United States District Court for the Eastern District of Virginia and was transferred to this court by order filed February 6, 1970.

Petitioner is currently serving a life sentence in the Virginia State Penitentiary pursuant to a judgment of the Circuit Court of the County of Halifax, imposed on July 19, 1962, for murder in the first degree. Petitioner entered a plea of guilty and was tried by a judge without a jury.

No appeal was taken from this conviction. On March 7, 1967, Burton filed a petition for a writ of habeas corpus with the Circuit Court of Halifax County. An attorney was appointed to represent petitioner and on November 20, 1967, a plenary hearing was held on the petition. Thereafter the writ was denied. This order was appealed and on January 19, 1970, the Virginia Supreme Court of Appeals affirmed that judgment. Having presented his present claims in that appeal, petitioner has exhausted his available state remedies in compliance with 28 U.S.C. § 2254.

Petitioner's first claim is that he was not advised of his rights before confessing and that the confession was induced by the promise of a lighter sentence.

Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), does not affect this case because it does not have retroactive application. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). However, the court must consider whether the confession was voluntary according to preMiranda law. A confession is voluntary only when there is an effective waiver of the accused's constitutional right to remain silent. In determining waiver, the court considers age, intelligence, education and background. Also considered is the atmosphere in which the individual was placed, the demeanor of the interrogation, presence of any physical force, threats, psychological coercion, trickery, promises, inducements, lengthy interrogation and incommunicado detention.

Nothing in the record indicates that the confession was involuntary because of petitioner's age, intelligence, education, or background. Nor does the petitioner allege that the confession was involuntary due to any of these. Also there is no allegation that the confession was obtained by any physical force or threats.

Petitioner's main allegation in this court is that the confession was obtained by promise of a lighter sentence. Petitioner alleges that the Commonwealth's Attorney promised to keep him out of the electric chair if he confessed and plead guilty. The state plenary court accepted the Commonwealth Attorney's account of what took place. He testified:

The petitioner had been arrested and charged with malicious wounding of two deputy sheriffs and I believe it was the day after his arrest the Sheriff called me and said the petitioner wanted to talk to me. So I went to the Sheriff's office and the three of us just talked generally about the Court procedure involved when a person entered a guilty plea and the role played by the Commonwealth Attorney; and I told the petitioner at that time that on a plea of guilty the Commonwealth Attorney would make a recommendation of the Court and it

was entirely up to the Court to accept the recommendation or impose whatever punishment the Court felt was proper under the circumstances. And this took maybe 45 minutes because of the other things he asked me and then I left. And two days later the Sheriff called me at the Sheriff's office and he asked me what recommendation I would make on a guilty plea to the murder of Thomas Howell and I told him that I at the time would need to know more, would have to have more than just a statement from him, but if I were satisfied that he had committed the offense that I would recommend a life sentence. So, he thanked me and left. He never did tell me that he had committed the offense. It was that afternoon that the Sheriff obtained this statement from him that was typed.

The trial court heard sufficient evidence on this matter; its factual conclusions appear proper and this court will defer to the same. I do not find that the Commonwealth Attorney's actions amounted to an improper inducement or coercion. Further, the plenary court accepted the sheriff's statement that petitioner was warned that he had the right to remain silent and that anything he said could be used against him. I am satisfied that the petitioner voluntarily confessed to the murder.

 Petitioner also complains that his counsel induced the guilty plea on the basis of the confession. A guilty plea based on a voluntary confession is not involuntary. Neither is the plea rendered involuntary because entered on the competent advice of counsel. Schnautz v. Beto, 416 F.2d 214 (5th Cir. 1969); Brown v. Smyth, 271 F.2d 227 (4th Cir. 1959), Denson v. Peyton, 299 F.Supp. 759 (W.D.Va.1969). If counsel advised petitioner to plead guilty because of the confession, his advice is shown to have been competent by the state courts and this court's judgment on the voluntariness of the confession.

 Petitioner further alleges that he thought he was pleading guilty only to second degree murder. Petitioner's attorney testified:

Q. Was the petitioner advised that he was pleading guilty to first degree murder?

A. Yes, he was. I think I told him that in the mechanics of that type of thing that when he entered a plea of guilty to murder that it was the highest that he could commit himself to was second degree murder, but then it became the burden of the Commonwealth to raise that from second degree murder to first degree. It had to be some evidence and it was evidence and he was convicted.

Petitioner was indicted by a short form murder indictment as provided for in § 19.1–166 of the Virginia Code. Under this indictment, petitioner could be convicted of first or second degree murder. In Virginia there is an evidentiary presumption that every killing is murder in the second degree. Blankenship v. Commonwealth, 193 Va. 587, 70 S.E.2d 335 (1952). A plea of guilty under Virginia law is a plea of guilty to the highest offense charged in the indictment—here to first degree murder. Hobson v. Youell, 177 Va. 906, 15 S.E.2d 76 (1941). The plea of guilty eliminates any necessity for proof and therefore the evidentiary presumption of second degree murder is not applicable. Hobson v. Youell, supra. Petitioner's counsel did not understand this distinction and thereby gave petitioner incorrect advice.

 While petitioner was misinformed, it is equally clear that petitioner, his attorney, and the Commonwealth Attorney all anticipated a conviction for murder in the first degree. The plenary court accepted as true the fact that petitioner asked to see the Commonwealth Attorney and asked about the possibility of receiving less than the electric chair. The court also relied on the testimony of petitioner's attorney wherein he stated that petitioner and he were both satisfied with the life sentence. The whole

strategy of the defense was to avoid the death penalty by seeking a life sentence (Everyone concerned must have realized that a life sentence could only be imposed on a conviction for first degree murder.) Both petitioner and his attorney made concerted efforts towards this goal. Petitioner entered the plea of guilty in order to receive the life sentence. He did receive a life sentence and was happy at the time to avoid the death penalty. Having received exactly what he bargained for and anticipated, I cannot say that the plea was involuntary.

Petitioner next contends that he was not given effective representation of counsel. First, petitioner asserts that counsel did not object to the introduction of the confession or to the testimony of the police officers who took the confession. Whether and to what counsel objects is clearly a matter of trial tactics. Mistakes in trial tactics do not amount to ineffective representation of counsel unless they make a farce of the trial. Tompa v. Commonwealth of Virginia, 331 F.2d 552 (4th Cir. 1964); Snead v. Smyth, 273 F.2d 838 (4th Cir. 1959). Whether to object to the police officers' testimony was properly a matter of trial tactics. No error in judgment was committed by not objecting to a confession that was in fact voluntary.

Petitioner also contends that his counsel did not make the proper motions to open the way for appellate review and did not advise the petitioner on his right to appeal. Petitioner's counsel admits that he probably did not advise petitioner on his right to appeal. Nelson v. Peyton, 415 F.2d 1154 (4th Cir. 1969), recently decided, holds that a defendant is denied the effective assistance of counsel if counsel fails to inform him of his right to appeal. Putting aside questions of retroactivity, presumedly *Nelson* applies to defendants who plead guilty. However, the law in Virginia is that a defendant who pleads guilty may only appeal jurisdictional defects or that the sentence imposed exceeded that authorized by law. Peyton v. King, 210 Va. 194, 169 S.E.2d 569 (1969). Before an appeal will be ordered for petitioners who plead guilty, I require that on independent investigation a scintilla of evidence must be found indicating a jurisdictional defect or that the sentence imposed exceeded that authorized by law. St. Clair v. Cox, 312 F.Supp. 168 (W.D. Va. March 18, 1970). No scintilla of evidence indicating a jurisdictional defect can be found in this case and the sentence imposed does not exceed that authorized by law. Therefore no appeal will be ordered.

Petitioner's last claim is that his trial was not recorded verbatim. Section 17–30.1 of the Code of Virginia requires a complete record of the trial. However, § 17–30.1 was not enacted until 1964 and would not have been applicable at the time of petitioner's trial. I see no constitutional error in this case by the failure to have a verbatim account of the trial.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order, or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to certify copies of this opinion and judgment to the petitioner and to the respondent.