**Leroy Jones HALE, Petitioner,**

v.

**J. D. COX, Superintendent Virginia State Penitentiary, Respondent.**

**Civ. A. No. 71–C–110–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Jan. 25, 1972.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

DALTON, District Judge.

Pursuant to 28 U.S.C. § 2241, Leroy Jones Hale petitions this court for a writ of habeas corpus to terminate his alleged illegal confinement in the Virginia State Penitentiary. Leave to proceed *in forma pauperis* has been previously granted.

Petitioner is currently detained under a judgment of the Hustings Court of the City of Roanoke imposed on June 23, 1958, in which he was convicted of murder in the second degree and sentenced to a term of eighteen (18) years. At trial petitioner, represented by court-appointed counsel, entered a plea of guilty and was tried by the court without a jury. The conviction and sentence were not appealed. Hale was released on parole on October 29, 1962, but the Hustings Court subsequently revoked his parole on January 5, 1967, because of his abnormal behavior.

Hale later filed a petition for a writ of habeas corpus in the Hustings Court, which denied and dismissed the petition on December 16, 1969. After his appeal from that judgment had been pending in the Virginia Supreme Court for one year, petitioner sought habeas corpus relief in this court. On April 14, 1971, the petition was dismissed because of petitioner's failure to exhaust his available state remedies. The appeal in the State Supreme Court still pending, Hale was permitted to file in this court a second petition, which forms the basis of this proceeding. This court retained jurisdiction of the case without considering its merits until December 9, 1971, when the Virginia Supreme Court dismissed the appeal for petitioner's failure to comply with appellate procedural requirements. Since the state's highest court has not reached the merits of the claims, Hale has technically failed to exhaust his state remedies in compliance with 28 U.S.C. § 2254. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837

(1963); Ganger v. Peyton, 379 F.2d 709 (4th Cir. 1967).

Upon consideration of its allegations, the court finds further reasons compelling dismissal of the petition. Hale bases his challenge of the original conviction upon several grounds, to wit: (1) he is not guilty; (2) the plea of guilty was involuntary; (3) he was denied his right to a jury trial; (4) he was denied his right to appeal; (5) he was denied the right to obtain favorable witnesses; and (6) the police obtained an illegal confession. He also alleges that counsel's representation was ineffective, apparently because counsel failed to correct these errors.

█ The indictment against petitioner charged *inter alia* that petitioner "feloniously did kill and murder" the victim. Petitioner claims that he should not have been advised by counsel to plead guilty to the higher count in the indictment, presumably first degree murder, when in fact the Hustings Court convicted him of only second degree murder. This, he argues, is sufficient reason to conclude that the plea was involuntary. The court does not agree.

Section 19.1–166, Virginia Code Annotated, contains the form which is deemed sufficient as an indictment for murder; that form was used in this case. Under the Code section, the indictment need not designate the degree of the offense charged nor allege facts which would describe that degree. This "short form" indictment, therefore, is sufficient to charge murder either in the first or second degree. Ward v. Commonwealth, 205 Va. 564, 138 S.E.2d 293 (1964).

█ Although a plea of guilty to an indictment in Virginia is a plea of guilty to the highest degree of the offense charged in the indictment, McGrady v. Cunningham, 296 F.2d 600 (4th Cir. 1961) cert. denied 369 U.S. 855, 82 S.Ct. 944, 8 L.Ed. 14 (1962), it is equally well established that every unlawful homicide is presumed to be murder in the second degree, with the burden on the Commonwealth to elevate the offense to murder in the first degree. Painter v. Commonwealth, 210 Va. 360, 171 S.E.2d 166 (1969). It is clear that petitioner knew and understood the offense charged in the indictment, and that the indictment provided him with sufficient information upon which to prepare a defense. This being so, even if petitioner did not also understand the presumption arising from the short form indictment for murder, there nevertheless has been no violation of any constitutional right cognizable in this proceeding. See generally Hayes v. Peyton, 364 F.2d 303 (4th Cir. 1966). Petitioner cannot seriously contend that the trial court should have either accepted a plea of guilty to first degree murder or refused to accept the plea altogether; but however incongruous this argument appears petitioner was obviously not prejudiced by the failure of the trial court to find him guilty of the lesser offense of second degree murder, to which as a matter of law he did plead guilty. Cf. Burton v. Cox, 312 F.Supp. 264 (W. D.Va.1970). Moreover the order of conviction clearly states that the guilty plea was entered knowingly and voluntarily and that the trial court opined that petitioner understood the nature of his plea. Based upon these considerations, and in the absence of any other facts to support his allegation, it is clear that the guilty plea was entered voluntarily and that it was responsive to the indictment. That it was entered on the advice of counsel does not alter this conclusion. Schnautz v. Beto, 416 F.2d 214 (5th Cir. 1969); Burton v. Cox, supra.

█ Nor is there any evidence to suggest that counsel's representation was constitutionally infirm. Petitioner does not sustain his burden of showing ineffective assistance of counsel merely by relying upon an *ex post facto* determination that counsel's advice to plead guilty must have been inadequate if the trial court convicted him of only second degree murder. We reiterate that petitioner was not misled by the short form

indictment nor prejudiced thereby. Here also, with respect to the entry of the plea, there are no additional facts alleged nor discernible from the record which suggest that the representation was other than competent. Although petitioner does not so claim, if counsel had offered no evidence as to the degree of the offense after the plea was entered, it would have constituted an error in judgment, if error at all, in his tactical conduct of the trial which would not have deprived petitioner of any constitutional right. Camm v. Peyton, 299 F. Supp. 485 (W.D.Va.1969).

■■ Hale claims that he was effectively denied his right to a jury trial because he was not so advised of this right. The order of conviction states, *inter alia*:

\* \* \* the Court having questioned the defendant and being of the opinion that he realized the consequences resulting from his plea of guilty and that he wished to dispose of the case without the intervention of a jury, with the consent of the Attorney for the Commonwealth and the Court, trial by jury is waived.

The court record imports absolute verity, and it may not now be impeached. Davis v. Peyton, 211 Va. 525, 178 S.E.2d 679 (1971). Thus, Hale was clearly informed of his right to trial by jury, which he waived by entering a plea of guilty. Va.Const. § 8.

■ Having determined that the plea was entered knowingly and voluntarily, the court now turns to the remaining claims, of which we may more easily dispose. The claim that petitioner was not guilty more properly raises an issue of the sufficiency of the evidence supporting the conviction. Where this question is raised by means of federal habeas corpus, the sole constitutional inquiry is whether the conviction rests upon any evidence of all. The probative strength of the evidence is not in issue. Williams v. Peyton, 414 F.2d 776 (4th Cir. 1969). In stating the allegation, petitioner admits that he did in fact shoot the victim, claiming however that he acted in self-defense under extreme provocation. The admission itself provides an evidentiary basis for the conviction; the trial court's resolution of the self-defense issue must remain undisturbed.

■ Petitioner further claims that he was denied his right to appeal, apparently because counsel failed to advise him of this right. However, it has recently been decided that Nelson v. Peyton, 415 F.2d 1154 (4th Cir. 1969) cert. denied, Cox v. Nelson, 397 U.S. 1007, 90 S.Ct. 1235, 25 L.Ed.2d 420 (1970)—which held that failure of counsel, where the trial court does not correct the omission, to advise a defendant of his right to appeal, and the manner and time thereof, is a violation of defendant's Sixth Amendment right to effective assistance of counsel—will not be given retroactive effect. Shiflett v. Commonwealth of Virginia, 447 F.2d 50 (4th Cir. 1971). Since Hale's conviction preceded *Nelson,* the case is inapplicable here. Moreover, in Virginia a defendant who pleads guilty may appeal his conviction only on the grounds that the defects are jurisdictional or that the sentence imposed exceeds that authorized by law. Peyton v. King, 210 Va. 194, 169 S.E.2d 569 (1969). There is no evidence that these irregularities exist.

■ Nowhere does Hale allege that the guilty plea was tainted by either of the remaining infirmities, namely, that he was denied his right to obtain favorable witnesses and that the police obtained his confession through coercion and without informing petitioner of his right to counsel. Having in any case determined that the guilty plea was valid, it is unnecessary for the court to resolve the merits of these claims. It is now well established that the plea is an admission of guilt and constitutes a waiver of all non-jurisdictional defects, McMann v. Richardson, 397 U.S. 759, 90 S. Ct. 1441, 25 L.Ed.2d 763 (1970), and that if it forecloses subsequent collateral attack upon the judgment and sentence when the attack is based upon an alleged deprivation at a prior stage in the pro-

ceedings, White v. Pepersack, 352 F.2d 470 (4th Cir. 1965). Since the remaining claims do not challenge jurisdiction, they are waived. The court notes in passing that petitioner fails to identify the favorable witnesses or to suggest the nature of their testimony, nor does he allege facts to support his claim of a coerced confession.

For the foregoing reasons, it is ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.