Willie L. DAVIS, Petitioner,

v.

A. E. SLAYTON, Superintendent, Virginia
State Penitentiary, Respondent.

Civ. A. No. 73–C–3–D.

United States District Court,
W. D. Virginia,
Danville Division.

Feb. 2, 1973.

**572**

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

Willie L. Davis has petitioned this court for a writ of habeas corpus. Having exhausted his state remedies as required by 28 U.S.C. §§ 2254, the petitioner is now properly before this court. In his petition, petitioner asserts that three errors exist which render his conviction unconstitutional: 1) that his punishment is in excess of that authorized by law; 2) that there is newly discovered evidence indicating bias and prejudice on the part of the Commonwealth's witness; and 3) that he was denied effective assistance of counsel.

The petitioner was convicted of first degree murder in the Corporation Court of Danville upon a plea of guilty on March 11, 1971. In his first allegation petitioner contends that he was indicted only for second degree murder; that if he also stood indicted for first degree murder he was not properly advised of this fact; that he did not voluntarily and intelligently change his plea to guilty; that he was induced to plead guilty by promise of a lenient sentence; and that his sentence of life imprisonment exceeds that allowed by that statute for second degree murder.

The petitioner was indicted for murder under the short form allowed by § 19.1–166 of the Virginia Code, which form for indictment has been approved by both the federal and the state courts. Hale v. Cox, 336 F.Supp. 1364 (W.D.Va. 1972); Burton v. Cox, 312 F.Supp. 264 (W.D.Va.1970); Barber v. Commonwealth, 206 Va. 241, 142 S.E.2d 484 (1965); Ward v. Commonwealth, 205 Va. 564, 138 S.E.2d 293 (1964). Specifically the indictment of petitioner reads as follows:

The Jurors of the Commonwealth of Virginia, in and for the body of the City of Danville, and now attending said Court at its January term, in the year, 1971, upon their oaths present that Willie L. Davis, on the 21st day of November, 1970, in said City, within one mile of the Corporate Limits of said City, did unlawfully, feloniously and maliciously kill and murder one Beulah Ann Davis, by shooting her against the peace and dignity of the Commonwealth. . . .

 The indictment itself shows that the Commonwealth was alleging that the crime was done with malice, a necessary element for first degree murder. Nevertheless this form of indictment is by 19.1–166 sufficient to convict on first as well as second degree murder. When an individual pleads guilty, he pleads guilty to the highest offense charged in the indictment. Hale v. Cox, 336 F.Supp. 1364 (W.D.Va.1972). Because the indictment was sufficient to convict on first as well as second degree murder, the petitioner's plea of guilty was a plea of guilty to first degree murder.

 To show that petitioner did intelligently and voluntarily plead guilty without the use of any deception or trickery, this court need only quote from the trial transcript.

Q. Do you make this plea, Mr. Davis, after consulting with and being advised by your attorneys, Mr. Yeatts and Mr. Overbey? Have you talked to them about your change of plea?

A. Yes, sir.

Q. And did you make it after first consulting with your lawyers?

A. Yes, sir.

Q. And is it your decision as well as the decision you make after being advised by your counsel?

A. Yes, sir.

Q. I mean, is it your own idea to make this change?

A. Yes, sir, it's my own idea.

Q. Now, you're Willie L. Davis, and I think you said you went through the fifth grade in school. Is that right?

A. That's right.

Q. And you're how old, now?

A. Thirty-seven.

Q. Now, you fully understand that you're charged with murder, which is a capital crime, carrying with it the possibility of the death penalty. Do you understand that?

A. Yes, sir.

Q. You also understand that if a finding of first degree murder is made, that is, one with premeditation and deliberation, that the minimum sentence that the Court can impose is twenty years in the Virginia State Penitentiary? You understand that?

A. Yes, sir.

Q. Now, do you know that when you change your plea and you make a guilty plea that you are giving up the trial by the jury? We'll just have to excuse the jury and send them home. They'll have nothing further to do with your case. Do you understand that?

A. Yes, sir.

Q. And you understand that when you enter this guilty plea here that you admit the charge against you?

A. Yes, sir.

Q. Do you also understand that you really give up, in effect, any defenses you have to it?

A. Yes.

Q. Do you understand further that you give up any right of appeal in the case?

A. Yes, sir.

Q. Now, do you enter your guilty plea here freely and voluntarily?

A. Yes, sir.

Q. Is it of your own free will that you do so?

A. Yes, sir.

Q. Has anybody made you any promise of leniency or said anything to you to try to influence you or try to get you to change your plea?

A. No.

Q. Now, do you understand that when you change your plea and you come in here and plead guilty to murder that the only decision for the Court is the extent of the punishment?

A. Yes, sir.

Q. And then it's up to the Court, rather than the jury, to impose the sentence.

Do you understand that?

A. Yes, sir.

Q. Do you know that the Court is not bound by anything that your attorneys say or that Mr. Fuller says, for that matter, for the Commonwealth, that in the last analysis, it's up to the Court to impose the sentence?

A. Yes, sir.

Q. Now, have you had enough time to talk to Mr. Yeatts and Mr. Overbey about your change of plea, and about giving up the jury here, and about any possible other moves or defenses that you might have to the proceedings against you? Have you had enough time to discuss everything with them?

A. Yes, sir.

Q. Are you satisfied with Mr. Yeatts and Mr. Overbey and what they have done for you and tried to do for you?

A. Yes.

Q. I believe that they were employed by you in this case. Is that right?

A. Yes, sir.

Q. Do you have any complaint about anyone connected with your case?

A. No, sir.

Q. Do you feel that the police officer took undue advantage of you in taking your statement in this case? Well, let me put it to you this way. I don't mean to put you on the spot with that question, but do you understand that, even though you may personally think that he didn't do just

right by you in taking your statement, you're giving up any complaint about it when you plead guilty. Do you know that?

A. Yes, sir.

Q. I mean, you can't take advantage of that later because you're giving it up. You're giving up your complaint when you plead guilty. You could preserve it, perhaps, if you went on with your not guilty plea. Do you understand?

A. Yes, sir.

Q. Now considering everything that I've talked to you about here, are you certain that you want to change your plea from not guilty to guilty and leave it as a guilty plea. Is that what you want to do?

A. That's what I want.

The transcript clearly shows that petitioner was advised of his rights, of the maximum penalty, and of the fact that he could be convicted of first degree murder, that he stated that no promises of leniency had been made and that it was his own desire to plead guilty. Petitioner was legally convicted of first degree murder and his punishment is within that set by § 18.1–22 of the Virginia Code. Petitioner's first ground is without merit.

▇▇▇ Petitioner's second allegation is also without merit. A plea of guilty is itself a conviction and nothing remains to be done after such a plea but the sentencing of the defendant. A voluntary and intelligent plea of guilty waives all but jurisdictional defects in an individual's trial. Doran v. Wilson, 369 F.2d 505 (9th Cir. 1966); Hancock v. Slayton, 341 F.Supp. 436 (W.D.Va. 1972); St. Clair v. Cox, 312 F.Supp. 168 (W.D.Va.1970); Glancy v. Parole Board of Michigan Dept. of Corrections, 293 F.Supp. 74 (E.D.Mich.1968); Huffman v. Beto, 260 F.Supp. 63 (S.D.Tex. 1966). This waiver includes questions concerning the admissibility of evidence. United States v. Ford, 363 F.2d 375 (4th Cir. 1966).

▇▇▇ Finally petitioner contends that he was inadequately represented by counsel. At his trial he was represented by legal counsel of his own choosing. It has generally been held that an individual cannot claim in a habeas corpus petition that he was denied his right to effective counsel where counsel was privately retained by the defendant and the situation, if true, was itself created by the petitioner. Goodson v. Peyton, 351 F.2d 905 (4th Cir. 1965); Davis v. Bomar, 344 F.2d 84 (6th Cir. 1965); cert. denied, 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124 (1965); Schlette v. California, 284 F.2d 827 (9th Cir. 1960); cert. denied, 366 U.S. 940, 81 S.Ct. 1664, 6 L.Ed.2d 852 (1961). To support a claim of inadequate representation petitioner must show that his trial was nothing more than a farce or a sham. Montgomery v. Peyton, 299 F.Supp. 514 (W.D.Va.1969); Camm v. Peyton, 299 F.Supp. 485 (W.D.Va.1969). It has also been held that mistakes in trial tactics during a trial do not deprive an individual of his constitutional rights even when it concerns whether or not the defendant should plead guilty. Hancock v. Slayton, 341 F.Supp. 436 (W.D.Va. 1972); Camm v. Peyton, 299 F.Supp. 485 (W.D.Va.1969); Lunnermon v. Peyton, 281 F.Supp. 986 (W.D.Va.1968). This court after a review of the trial transcript finds that counsel was thorough and adequate in their representation of petitioner.

The petition for writ of habeas corpus is hereby denied.