**Earl A. FRANKLIN, Petitioner,**

v.

**French CONWAY et al.,
Respondents.**

**Civ. A. No. 75–0003.**

United States District Court,
W. D. Virginia,
Danville Division.

March 24, 1975.

Earl A. Franklin, pro se.

Linwood T. Well, Jr., Asst. Atty. Gen., Richmond, Va., for respondents.

## OPINION AND JUDGMENT

DALTON, District Judge.

Earl Anderson Franklin has filed a petition for writ of habeas corpus. Petitioner is currently detained in North Carolina pursuant to a North Carolina conviction. However, on March 24, 1972, he was convicted of possession of burglary tools with an intent to commit larceny by the Corporation Court of the City of Danville, and was sentenced to a period of five years in the Virginia Penitentiary. Virginia has filed a detainer with the North Carolina prison authorities. Petitioner alleges, (1) that he was denied effective assistance of counsel, (2) denied the right to a trial by jury, (3) that the results of a defective line-up were introduced into evidence, and (4) that his Fifth Amendment rights were abridged.

Petitioner was allowed to proceed with this *pro se* petition in *forma pauperis* by order of the court dated January 20, 1975. Respondents admit that petitioner has now exhausted his state remedies and have filed a motion to dismiss and have caused a copy of the state trial transcript to be sent to the court. After studying the petitioner's allegations and examining the trial transcript, this court finds petitioner's allegations to be meritless.

Petitioner's first allegation concerns the effectiveness of counsel at every critical stage of trial. A review of the transcript reveals that petitioner received assistance from three separate attorneys: Mr. Conway was appointed to represent petitioner at the allegedly defective line-up. Petitioner became dissatisfied with Mr. Conway and retained Mr. Kushner; again petitioner became dissatisfied with Mr. Kushner's efforts and finally retained Mr. Carter, who represented petitioner at his trial. (Tr. p. 5). At the trial petitioner assured the court that he was satisfied with Mr. Carter's representation (Tr. pp. 4–5) and this court finds that Mr. Carter's effort while not the most rigorous was constitutionally sufficient. This court has previously held that an individual cannot claim in a habeas corpus petition that he was denied his right to effective counsel where counsel was privately retained by the defendant. Davis v. Slayton, 353 F.Supp. 571 (W.D. Va.1973); *Accord*: Davis v. Blomar, 344 F.2d 84 (8th Cir. 1965). Moreover, habeas corpus relief on the ground of ineffective assistance of counsel will only be granted where petitioner can show that his attorney made a farce or mockery of his trial. Ashby v. Cox, 344 F.Supp. 759 (W.D.Va.1972). Since Mr. Carter was privately retained by petitioner and since the transcript reveals that his trial was not a "farce" or "mockery", this court holds that petitioner's allegation challenging the effectiveness of Mr. Carter's representation should be dismissed. Mr. Conway represented petitioner only during the line-up and was present to insure its fairness. The court can find no specific inadequacy in Mr. Conway's duties and holds petitioner's allegation to be meritless.

The court finds that petitioner's allegation of a denial of his right to jury trial equally meritless. The following dialogue occurred between the trial court and defendant at his trial:

Judge: Now do you know that in Virginia you are entitled, if you wish it, to a jury trial in which the jury would determine not only your guilt or innocence, but should the jury find you guilty, then the jury would fix your punishment? You understand that?

Franklin: Yes, sir.

Judge: Do you know that the penalty for possession of burglary tools in the event of your conviction would be one to ten years in the Virginia State Penitentiary, or in lieu thereof up to twelve months in jail and/or a fine up to $1,000? That's the penalty range. Do you understand that?

Franklin: Yes sir.

Judge: Now have you had enough time to talk to Mr. Carter, your attorney, about your case, and your plea and whether or not you wanted to waive a jury trial in this case?

Franklin: Unless there are some last minute matters he wants to talk to be about, I think I've had enough time.

 .  .  .  .  . .

Judge: All right. Now do you enter your waiver of a jury trial here freely and voluntarily?

Franklin: Yes, sir.

Judge: Has anybody threatened you, or forced you or done anything to you, promised you anything in order to get you to waive a jury?

Franklin: No.

(Tr. pp. 4–6)

From the above dialogue and based upon the holding in a previous case by this court, Thacker v. Peyton, 264 F.Supp. 997 (W.D.Va.1967) (in which this court held that where a state defendant, after consultation with his attorney, waived trial by jury and his case was heard fully by the trial court, defendant was not entitled to federal habeas corpus relief) the court holds that petitioner's allegation is without merit.

■ Petitioner alleges that his line-up was constitutionally defective. The uncontroverted testimony at trial reveals that at the line-up petitioner was represented by counsel, Mr. Conway, the line-up was held the same night as petitioner's arrest, five men were placed in the line-up, the witnesses entered the viewing room separately, one of the witnesses identified petitioner; the other could not identify anyone (Tr. p. 41). Neither the line-up itself nor anything shown by the record violated petitioner's privilege against self-incrimination. This privilege protects petitioner only from being compelled to testify against himself. Since counsel was present at the line-up, the court holds that petition-

er's allegations must perforce fall and is accordingly denied.

■ Petitioner's final allegation relates to his in-court testimony. Petitioner took the stand at his counsel's suggestion. Whether or not this strategy was in the best interests of the petitioner is not for this court to decide. The court will not second-guess trial strategies and since petitioner was not compelled to testify and, in fact, claimed on two occasions his Fifth Amendment right to remain silent (Tr. p. 62), the court finds no constitutional deprivation.

After reviewing petitioner's transcript, the court orders his petition dismissed and stricken from the docket. Petitioner is advised that he may appeal this judgment by filing a notice of appeal with this court within thirty (30) days.